**ORIGINAL**

FILED IN CHAMBERS
U.S.D.C. Atlanta

SEP 2 4 2024

Kevin P. Weimer, Clerk
By: _____ Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

UNITED STATES OF AMERICA

v.

JOHNNY HURTADO OLASCOAGA,
  a/k/a El Pez, a/k/a Pescado,
  a/k/a Mojarra, and
JOSE ALFREDO HURTADO OLASCOAGA,
  a/k/a El Fresa, a/k/a El Feyo,
  a/k/a La Fruta

Criminal Indictment

No. 1:24-CR-0312

**UNDER SEAL**

THE GRAND JURY CHARGES THAT:

**Count One**
**(International Drug Manufacture and Distribution Conspiracy)**

Beginning on a date unknown, but at least as of in or about 2015, and continuing until on or about the date of this Indictment, in the Northern District of Georgia and elsewhere, the defendants,

JOHNNY HURTADO OLASCOAGA,
a/k/a El Pez, a/k/a Pescado, a/k/a Mojarra, and
JOSE ALFREDO HURTADO OLASCOAGA,
a/k/a El Fresa, a/k/a El Feyo,
a/k/a La Fruta,

did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with each other, and with others known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 959(a), that is, to knowingly and intentionally manufacture and distribute a controlled substance, intending, knowing, and having reasonable cause to believe that such substance

would be unlawfully imported into the United States from a place outside of the United States, said conspiracy involving at least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, pursuant to Title 21, United States Code, Section 960(b)(1)(A), at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 960(b)(1)(B), at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 960(b)(1)(F), and at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 960(b)(1)(H), all in violation of Title 21, United States Code, Section 963.

## Count Two
### (Conspiracy to Import Controlled Substances)

Beginning on a date unknown, but at least as of in or about 2015, and continuing until on or about the date of this Indictment, in the Northern District of Georgia and elsewhere, the defendants,

JOHNNY HURTADO OLASCOAGA,
a/k/a El Pez, a/k/a Pescado, a/k/a Mojarra, and
JOSE ALFREDO HURTADO OLASCOAGA,
a/k/a El Fresa, a/k/a El Feyo,
a/k/a La Fruta,

2

did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with each other, and with others known and unknown to the Grand Jury, to violate Title 21, United States Code, Sections 952(a) and 960(a)(1), that is, to knowingly and intentionally import a controlled substance into the United States from a place outside thereof, said conspiracy involving at least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, pursuant to Title 21, United States Code, Section 960(b)(1)(A), at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 960(b)(1)(B), at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 960(b)(1)(F), and at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 960(b)(1)(H), all in violation of Title 21, United States Code, Section 963.

## Count Three
### (Conspiracy to Distribute Controlled Substances)

Beginning on a date unknown, but at least as of 2015, and continuing through on or about the date of this Indictment, in the Northern District of Georgia and elsewhere, the defendants,

JOHNNY HURTADO OLASCOAGA,
a/k/a El Pez, a/k/a Pescado, a/k/a Mojarra, and
JOSE ALFREDO HURTADO OLASCOAGA,
a/k/a El Fresa, a/k/a El Feyo,
a/k/a La Fruta,

did knowingly and willfully combine, conspire, confederate, agree and have a tacit understanding with each other, and with others known and unknown to the Grand Jury, to violate Title 21, United States Code, Section 841(a)(1), that is, to knowingly and intentionally possess with intent to distribute a controlled substance, said conspiracy involving at least one kilogram of a mixture and substance containing a detectable amount of heroin, a Schedule I controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A)(i), at least five kilograms of a mixture and substance containing a detectable amount of cocaine, a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A)(ii), at least 400 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenylethyl)-4-piperidinyl] propenamide (fentanyl), a Schedule II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A)(vi), and at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule

II controlled substance, pursuant to Title 21, United States Code, Section 841(b)(1)(A)(viii), all in violation of Title 21, United States Code, Section 846.

### Forfeiture Provision

Upon conviction of the offenses alleged in Counts One through Three of this Indictment, the defendants,

JOHNNY HURTADO OLASCOAGA,
a/k/a El Pez, a/k/a Pescado, a/k/a Mojarra, and
JOSE ALFREDO HURTADO OLASCOAGA,
a/k/a El Fresa, a/k/a El Feyo,
a/k/a La Fruta,

shall forfeit to the United States of America, pursuant to Title 21, United States Code, Section 853, any property constituting, or derived from, proceeds obtained, directly or indirectly, as a result of said violations and any property used, or intended to be used, in any manner or part, to commit, or to facilitate the commission of said violations, including but not limited to, the following:

(a) MONEY JUDGMENT: A sum of money in United States currency representing the amount of proceeds obtained as a result of each offense, or conspiracy to commit such offense, alleged in Counts One through Three of this Indictment.

If any property described above, as a result of any act or omission of the defendants:

(a) cannot be located upon the exercise of due diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be divided without difficulty;

the United States intends, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any other property of the defendants up to the value of the above forfeitable property.

A _____ true _____ BILL

_____
FOREPERSON

RYAN K. BUCHANAN
 *United States Attorney*

LAUREL B. MILAM
 *Assistant United States Attorney*
Georgia Bar No. 426939

BETHANY RUPERT
 *Assistant United States Attorney*
Georgia Bar No. 971630

600 U.S. Courthouse
75 Ted Turner Drive SW
Atlanta, GA 30303
404-581-6000